IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DARRIUS DEQUES WILLIAMS, | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | Case 1:25-cv-00154-JRH-BKE |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| RICHARD ROUNDTREE, | ) | |
| (First Defendant) | ) | |
| Individually and in his | ) | |
| official capacity as sheriff | ) | |
| | ) | |
| ALVIN JONES, | ) | |
| (Second Defendant) | ) | |
| | ) | |
| RUSSELL PATE, | ) | |
| (Third Defendant) | ) | |
| | ) | |
| NANCY CLARK, | ) | |
| (Fourth Defendant) | ) | |
| | ) | |
| EUGENE BRANTLEY, individually | ) | |
| And in hisOfficial Capacity as sheriff | ) | |
| (Fifth Defendant) | ) | |
| | ) | |
| JOHN DOE(S) #1-#6 | ) | |
| (Sixth through eleventh Defendants) | ) | |
| | ) | |

## AMENDED COMPLAINT

COMES NOW PLAINTIFF, DARRIUS DEQUES WILLIAMS (hereinafter

"PLAINTIFF") and files this Complaint for damages as follows:

1

## PARTIES, JURISDICTION AND VENUE

(1)

PLAINTIFF is a natural person and citizen of the United States of America, residing in the State of Louisiana and over the age of eighteen (18).

(2)

DEFENDANT RICHARD ROUNDTREE was the Sheriff for Richmond County in April 2023 and all times material to this action and is sued individually and in an official capacity, is believed to be a resident of Richmond County, Georgia, where he can be served or in person wherever he is found.

(3)

DEFENDANT ALVIN JONES is an individual who was, at all times relevant and material to the allegations in this Complaint, an employee of the Richmond County Sheriff's Office, (hereinafter "RCSO"), acting under color of law.

(4)

DEFENDANT RUSSELL PATE is an individual who was, at all times relevant and material to the allegations in this Complaint, an employee of RCSO acting under color of law.

(5)

DEFENDANT NANCY CLARK is an individual who was, at all times relevant

and material to the allegations in this Complaint, an employee of RCSO acting under color of law.

(6)

DEFENDANT EUGENE BRANTLEY is the current sheriff of RCSO and as such is sued in his individual and official capacity, as the now ultimate policy maker and is believed to be a resident of Richmond County, Georgia, where he can be served or in person wherever he is found.

(7)

Defendant JOHN DOE #1: An employee of RCSO who, while acting under color of state law, confirmed the warrant and/or authorized Mr. Williams's extradition from Louisiana to Georgia without verifying his identity, despite being informed by Louisiana probation officials that Mr. Williams denied ever being in Georgia, and despite the lack of fingerprint or photographic confirmation.

(8)

Defendant JOHN DOE #2: An employee of RCSO who communicated with Louisiana probation authorities on or about April 13, 2023, and advised them that RCSO "couldn't tell them" what the underlying charge was but nonetheless confirmed the warrant's identifiers, facilitating Mr. Williams's arrest and detention.

(9)

Defendant JOHN DOE #3: An employee of RCSO who approved or supervised the decision to detain Mr. Williams in the Richmond County Jail upon arrival without conducting any identity verification, resulting in his continued incarceration.

(10)

Defendant JOHN DOE #4-6: Any other unknown employee(s) of RCSO who participated in, authorized, supervised, or failed to prevent PLAINTIFF's unconstitutional arrest, extradition, and detention, despite clear notice that he was not the individual named in the Georgia warrant.

(11)

All Defendants are sued in their individual capacity only unless noted but PLAINTIFF reserves the right to add official capacity claims should discovery reveal the existence of such claims.

(12)

This action arises under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 (42 U.S.C. § 1983) and Title 42 of the United States Code, Section 1988 (42 U.S.C. § 1988).

(13)

This Court has original jurisdiction of the Federal claims under 28 U.S.C. §1331

and §1343.

(14)

A substantial part of the events giving rise to the claims asserted in this Amended Complaint occurred in the Southern District of Georgia. Venue is proper under Title 28 of the United States Code, Section 1391(b), (28 U.S.C. § 1391 (b)) and Local Rule 2.1(a) of the Local Rules for the Southern District of Georgia in that Richmond County, Georgia is within the Augusta Division of the Southern District of Georgia.

## FACTS

(15)

On or about April 13, 2023, PLAINTIFF Daddius DeQues Williams reported for the first time to probation in Rapides Parish Louisiana to begin serving a sentence of probation for "disturbing the peace."

(16)

At that time, PLAINTIFF's probation officer determined that he had an outstanding arrest warrant from Richmond County, Georgia, based on a search by his social security number.

(17)

The identified warrant was for a Derrious Duwane Williams, who had apparently

used or been associated systemically with PLAINTIFF'S Louisiana-issued social security number and with whom he shared or who had used the PLAINTIFF'S same birthdate.

(18)

PLAINTIFF had never met or associated with Derrious Duwane Williams and did not share the same height or weight nor the same complexion, nor color, same hair style, tattoos, birthmarks, scars, address history, or social media information nor fingerprints, DNA, iris scan, or facial recognition characteristics.

(19)

PLAINTIFF informed the probation officer that he had never been to Georgia.

(20)

The probation supervisor contacted JOHN DOE with RCSO and was informed that RCSO "couldn't tell them" what the underlying charge was.

(21)

JOHN DOE with RCSO confirmed the identifying information on the warrant.

(22)

Although JOHN DOE with RCSO confirmed certain identifiers, they did not have fingerprints or photographs to share with the Louisiana probation officers.

(23)

Given that PLAINTIFF knew he was not the individual sought, he declined to waive extradition.

(24)

Upon information and belief, no Governor's Warrant was ever applied for from the Governor of the State of Georgia to begin the process to transfer PLAINTIFF to Richmond County on the warrant for Child Molestation.

(25)

As a result, PLAINTIFF remained in the Rapides Parish Jail from mid-April through early July 2023.

(26)

Ultimately, after being counseled by jail officials in Louisiana, PLAINTIFF reluctantly agreed to waive extradition.

(27)

On July 7, 2023, DEFENDANTS JONES and PATE transported PLAINTIFF to Richmond County in the middle of the night.

(28)

During the transport, PLAINTIFF unequivocally stated he was not the person they were seeking and for the first time became aware of the extent of the charges.

(29)

Upon arrival, PLAINTIFF was booked into the Richmond County Jail, placed in G-Pod, and made to wear stripes indicating violent criminal charges.

(30)

G-Pod at the Richmond County jail is reserved for the most violent inmates facing the most severe criminal charges.

(31)

PLAINTIFF remained in custody until August 2, 2023, at which point he was released—111 days after his initial arrest.

(32)

During his time in detention, PLAINTIFF was denied bond at a hearing and offered a plea of forty-five (45) years in prison to plead guilt to the charges.

(33)

PLAINTIFF was forced to find his own way back to Louisiana after release.

(34)

DEFENDANT CLARK was the lead investigator in the case and never verified the warrant nor made any attempt to interview PLAINTIFF while in custody nor determine if he was the right person nor sought a Governor's Warrant.

(35)

Upon information and belief, it was not until the victim in the case and her family,

at the behest of PLAINTIFF's attorney in his criminal case, reached out and confirmed that PLAINTIFF was not the person who had allegedly committed Child Molestation that PLAINTIFF was released.

(36)

Defendant ROUNDTREE was responsible for the policies and practices of the office, including identifying people arrested on warrants, creating filing systems, and the speed of checking a suspect's claim they are not the person identified in a warrant.  In his official capacity, Defendant BRANTLEY stands in place of ROUNDTREE as the current holder of the office of Sheriff for Richmond County Georgia.

## CAUSE OF ACTION

## COUNT ONE – Fourth Amendment False Arrest Claim

(37)

The Fourth Amendment to the United States Constitution states as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

(38)

9

The warrant under which the PLAINTIFF was arrested was not supported by probable cause.

(39)

The acts and conduct of DEFENDANTS deprived PLAINTIFF of his rights, guarantees, and privileges under the Fourth Amendment to the United States Constitution in that DEFENDANTS, applying a totality of circumstances analysis, knew or should have known that PLAINTIFF was not the person sought in the warrant.

(40)

In July 2023, it was clearly established law under the Fourth Amendment that:

(a) An officer may not arrest the wrong person and hold him for more than a few days without violating their sunbstantive due process rights under an totality of circumstances analysis. Sosa v. Martin County, 57 F. 4th 1297 (11th Circuit 2023) *and* Baker v. McCollan, 443 U.S. 137 (1979)

(b) Officers cannot unreasonably and knowingly disregard or ignore evidence or refuse to take an obvious investigative step that would readily establish that they lack probable cause to arrest a suspect. Cozzi v. City of Birmingham, 892 F.3d 1288 (11th Circuit 2018)

(41)

The foregoing principles of clearly established law, which apply to both arrest warrants and search warrants under the Fourth Amendment, are rules of which any reasonable officer would have been aware at the time of the events giving rise to this lawsuit.

(42)

Because any reasonable officer would have known that the acts and omissions of DEFENDANTS alleged herein were in violation of clearly established law, DEFENDANTS are not entitled to qualified immunity for falsely arresting PLAINTIFF under the Fourth Amendment.

## **COUNT TWO– Fifth Amendment Violation**

(43)

The Fifth Amendment to the United States Constitution states as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

(44)

Wrongfully identified, detained and deprived of life, liberty, or property, without due process of law for over one hundred days, the DEFENDANTS' actions individually and collectively cause the PLAINTIFF harm.

## DAMAGES

(45)

As a direct and proximate result of the aforementioned unconstitutional conduct of DEFENDANTS, PLAINTIFF was deprived of his liberty, confined for an extended period of time, forced to incur lost wages and other economic losses, and forced to endure severe stress and mental suffering for which he is entitled to recover compensatory damages from all of the DEFENDANTS in an amount to be determined by a jury.

(46)

Because the unconstitutional acts of DEFENDANTS were committed willfully, in bad faith, or with reckless disregard for the rights of PLAINTIFF, and because DEFENDANTS had knowledge of, participated in, or were complicit with such conduct by DEFENDANTS, PLAINTIFF also seeks to recover punitive damages from DEFENDANTS in an amount to be determined by a jury.

(47)

PLAINTIFF is also entitled to recover reasonable attorney's fees under 42 U.S.C. §1988.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF demands:

(a) That DEFENDANTS answer this Complaint within the time required by law;

(b) The PLAINTIFF be awarded such damages as will fully compensate the PLAINTIFF for the DEFENDANTS' violations of Federal law and the United States Constitution;

(c) That PLAINTIFF be awarded attorneys' fees as authorized under 42 U.S.C.S. § 1988 for DEFENDANTS' violation of 42 U.S.C.S. § 1983 *et. seq.* and as otherwise authorized under federal and state law;

(d) The aforementioned conduct of DEFENDANTS amounted to such conscious indifference and reckless disregard for the consequences as to also authorize the imposition of punitive damages against the DEFENDANTS under both federal and state law;

(e) That PLAINTIFF be awarded such other, additional or general relief as the interests of justice may require; and

(f) For a jury to hear and render judgment on those causes of action so triable.

**A JURY TRIAL IS DEMANDED.**

This 2nd day of September 2025

**/S/ Robert T. Homlar**
Robert T. Homlar
GA Bar Number: 364714
Attorney for PLAINTIFF

Robert T. Homlar P.C.
580 James Brown Blvd.
Augusta, GA 30901
(706) 831-0859/ Telecopier (706) 432-1722
robert@homlarlaw.com