IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DARRIUS DEQUES WILLIAMS | ) | |
| Plaintiff, | ) | Civil Action File No. 1:25-cv-00154 |
| v. | ) | |
| RICHARD ROUNDTREE,<br>(First Defendant)<br>Individually and in his official capacity<br>as sheriff | ) | |
| ALVIN JONES,<br>(Second Defendant) | ) | |
| RUSSELL PATE<br>(Third Defendant) | ) | |
| NANCY CLARK<br>(Fourth Defendant) | ) | |
| EUGENE BRANTLEY, individually and<br>in his Official Capacity as Sheriff<br>(Fifth Defendant) | ) | |
| JOHN DOE(S) #1-#6<br>(Sixth through eleventh Defendants) | ) | |

## ANSWER OF DEFENDANTS RICHARD ROUNDTREE, ALVIN JONES, RUSSELL PATE AND NANCY CLARK

NOW COMES Defendants Richard Roundtree, Alvin Jones, Russell Pate, and Nancy Clark ("Defendants") and file this Answer to the plaintiff's Complaint, as amended, as follows:

## FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted and should be dismissed.

## SECOND DEFENSE

To the extent Defendants are being sued in an individual capacity, Defendants are entitled to qualified and official immunity.

## THIRD DEFENSE

The plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## FOURTH DEFENSE

To the extent Defendants are being sued in an official capacity, Defendants are entitled to sovereign immunity.

## FIFTH DEFENSE

Defendants deny that they have violated plaintiff's Fourth Amendment rights and deny they have falsely imprisoned Plaintiff.

## SIXTH DEFENSE

The plaintiff's claims for punitive damages and attorney's fees are barred by statutory, constitutional and common law.

## SEVENTH DEFENSE

The plaintiff's claims for punitive damages against any defendant in their official capacity are barred by such defendant's absolute immunity from claims for punitive damages.

## EIGHTH DEFENSE

The plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and applicable provisions of the Constitution of the State of Georgia on the following grounds:

a. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

b. The procedures pursuant to which punitive or exemplary damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

c. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

d. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide specific standards for the amount of the award of such damages, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

e. The procedures pursuant to which punitive or exemplary damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

f. The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and the excessive fines clause of the Constitution of the State of Georgia in that this defendant has no protection against disproportionate punishment allowed by recovery of such damages.

g.       Allowing punitive or exemplary damages to be imposed by jurors as they think best offends the basic concept of due process, namely, the right of an individual to be free from arbitrary action by the government.

**NINTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**TENTH DEFENSE**

Defendants assert the defenses of privilege, legal justification, and any and all statutory defenses and immunities available to said defendants as a public officer.

**ELEVENTH DEFENSE**

Defendants at all times herein mentioned acted in good faith, without malice and within the scope of their duties as an officer and/or agent of the Richmond County Sheriff's Office, and are, therefore, immune from the allegations of the plaintiff's Complaint.

**TWELFTH DEFENSE**

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

**THIRTEENTH DEFENSE**

Defendants answer the specific allegations of the Plaintiff's Complaint as follows:

1.       Defendants are without knowledge or information sufficient to form a basis of belief as to the allegations contained in paragraph numbered 1 of the Plaintiff's Complaint.

2.       In response to allegations contained in paragraph numbered 2 of the Plaintiff's Complaint, Defendants admit only that Defendant Roundtree was the Sheriff for Richmond County in April 2023, that he is a resident of Richmond County, and that Plaintiff purports to

bring this action against Defendant Roundtree individually and in an official capacity. Defendants deny the remaining allegations contained in paragraph numbered 2.

3. In response to allegations contained in paragraph numbered 3 of the Plaintiff's Complaint, Defendants admit only that Defendant Jones was an employee of the Richmond County Sheriff's Office. Defendants deny the remaining allegations contained in paragraph numbered 3.

4. In response to allegations contained in paragraph numbered 3 of the Plaintiff's Complaint, Defendants admit only that Defendant Pate was an employee of the Richmond County Sheriff's Office. Defendants deny the remaining allegations contained in paragraph numbered 4.

5. In response to allegations contained in paragraph numbered 3 of the Plaintiff's Complaint, Defendants admit only that Defendant Clark was an employee of the Richmond County Sheriff's Office. Defendants deny the remaining allegations contained in paragraph numbered 5.

6. In response to allegations contained in paragraph numbered 6 of the Plaintiff's Complaint, Defendants admit only that Defendant Brantley is the current Sheriff for Richmond County, that he is a resident of Richmond County, and that Plaintiff purports to bring this action against Defendant Brantley in his individual and official capacity. Defendants deny the remaining allegations contained in paragraph numbered 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants are without knowledge or information sufficient to form a basis of belief as to the allegations contained in paragraph numbered 10 of the Plaintiff's Complaint.

11. In response to the allegations contained in paragraph 11 of the plaintiff's Complaint, Defendants admit that the plaintiff purports to bring this action as alleged. Defendants deny the remaining allegations contained in paragraph numbered 11 of plaintiff's Complaint.

12. In response to the allegations contained in paragraph 12 of the plaintiff's Complaint, Defendants admit that the plaintiff purports to bring this action pursuant to the enumerated statutes and constitutional provisions. Defendants deny any remaining allegations contained in paragraph 12 and specifically deny that Defendants violated any statutory or constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

13. In response to the allegations contained in paragraph 13 of the plaintiff's Complaint, Defendants admit that jurisdiction of this Court exists over certain claims brought by the plaintiff pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Defendants deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

14. In response to the allegations contained in paragraph 14 of the plaintiff's Complaint, Defendants admit that venue is proper under 28 U.S.C. § 1391.

15. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 16 of Plaintiff's Complaint..

17. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Upon information and belief, Defendants deny as stated the allegations contained in paragraph numbered 24 of the Plaintiff's Complaint.

25. Defendants deny as stated the allegations contained in paragraph numbered 25 of the Plaintiff's Complaint.

26. In response to the allegations contained in paragraph numbered 26 of the Plaintiff's Complaint, Defendants admit plaintiff agreed to waive extradition. Defendants are

without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in paragraph 26 of plaintiff's Complaint.

27. In response to the allegations contained in paragraph numbered 27 of the Plaintiff's Complaint, Defendants admit that Defendants Jones and Pate transported plaintiff to Richmond County on July 6, 2023. Defendants deny the remaining allegations contained in paragraph numbered 27 of the Plaintiff's Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. In response to the allegations contained in paragraph numbered 29 of the Plaintiff's Complaint, Defendants admit that plaintiff was committed to the Charles B. Webster Detention Center on July 6, 2023. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 29 of Plaintiff's Complaint.

30. In response to the allegations contained in paragraph numbered 30 of the Plaintiff's Complaint, Defendants admit that G-Pod houses violent offenders.

31. In response to the allegations contained in paragraph numbered 31 of the Plaintiff's Complaint, Defendants admit that plaintiff was released on August 2, 2023. Defendants deny the remaining allegations contained in paragraph 31 of plaintiff's Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. In response to the allegations contained in paragraph numbered 34 of the Plaintiff's Complaint, Defendants admit Defendant Clark was the lead investigator in the Williams case. Defendants deny as stated the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny as stated the allegations contained in paragraph 36 of plaintiff's Complaint.

37. Regarding the allegations contained in paragraph numbered 37 of the Plaintiff's Complaint, said paragraph is a statement for which no response is required. To the extent a response is required, Defendants deny the allegations to the extent they conflict with applicable law.

38. Defendants deny the allegations contained in paragraph 38 of plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of plaintiff's Complaint.

40. Regarding the allegations contained in paragraph numbered 40 of the Plaintiff's Complaint, said paragraph is a statement for which no response is required. To the extent a response is required, Defendants deny the allegations to the extent they conflict with applicable law.

41. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Regarding the allegations contained in paragraph numbered 43 of the Plaintiff's Complaint, said paragraph is a statement for which no response is required. To the extent a response is required, Defendants deny the allegations to the extent they conflict with applicable law.

44. Defendants deny the allegations contained in paragraph numbered 44 of the Plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

## FOURTEENTH DEFENSE

Any allegations contained in the Plaintiff's Complaint that are not admitted, denied, or otherwise specifically responded to above are hereby specifically denied.

WHEREFORE, Defendants pray that the Plaintiff's Complaint be dismissed with all attorney's fees and costs charged to the Plaintiff.

This 10th day of September, 2025.

>   */s/ Davis A. Dunaway*
>   DAVIS A. DUNAWAY
>   Georgia Bar No. 232902

*Attorney for Defendants Richard Roundtree, Alvin Jones, Russell Pate, and Nancy Clark*

HULL BARRETT, P.C.
801 Broad Street, 7th Floor
Augusta, GA 30901
(706) 722-4481 (Telephone)
(706) 722-9779 (Facsimile)
ddunaway@hullbarrett.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Answer of Defendants Richard Roundtree, Alvin Jones, Russell Pate and Nancy Clark with the Clerk of Court using the NextGen CM/ECF system and served upon counsel of record by electronic filing as follows:

Robert T. Homlar<br>
Robert T. Homlar , P.C.<br>
580 James Brown Blvc<br>
Augusta, GA 30901<br>
robert@homlarlaw.com

This 10th day of September, 2025.

>/s/ Davis A. Dunaway
> Davis A. Dunaway