# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| DARRIUS DEQUES WILLIAMS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD ROUNDTREE, ET AL )<br>)<br>Defendants. )<br>) | CIVIL ACTION No..<br>1:25-cv-00154-JRH BKE |

## NON-PARTY JARED T. WILLIAMS', DISTRICT ATTORNEY OF THE AUGUSTA JUDICIAL CIRCUIT, MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS

Comes now, non-party the Hon. JARED WILLIAMS, in his official capacity as District Attorney for the Augusta Judicial Circuit, hereinafter Movant, and files this, his motion to quash pursuant to FED. R. CIV. P. 45(d). The subpoena at issue seeks materials which are part of an ongoing criminal prosecution that are not related to the case *sub judice* and are unreasonable and oppressive.

### STATEMENT OF FACTS

On August 23, 2023, Derrious Duwane Williams was indicted for three counts of Child Molestation in violation of O.C.G.A. § 16-6-4(a) by the grand jury of Richmond County, Georgia. The case is currently being prosecuted by Movant on behalf of the State of Georgia in the Superior Court of Richmond County as of the

filing of this Motion. The indictment's allegations are that on the 22nd day of August, 2022, Derrious Williams placed his hands on the vagina and breasts of a child and inserted his finger into the vagina of that child, with the intent to arouse and satisfy the sexual desires of himself and the child.[1]

On October 29, 2025, Movant agreed to accept service of an email of a subpoena in this case. *See* Exhibit A (subpoena). The subpoena directed the Movant to produce, "any and all documents, records, files, and tangible materials in any medium or format, pertaining to DARRIUS DEQUES WILLIAMS or DERRIOUS DUWANE WILLIAMS, both in your office's possession and created by your office, including but not limited to . . . any other tangible things or materials, of whatever kind, that relate, refer, or pertain to the extradition, investigation, prosecution, or defense of the criminal matter identified herein." *Id.* The subpoena directed production of those materials to 580 James Brown Boulevard in Augusta, Georgia on December 1. *Id.* On October 30, 2025, Plaintiff declined via phone call and email to modify the subpoena after being informed that the criminal case was ongoing and invited Movant to file this motion to resolve the discovery dispute.

---

[1] These statements are repetitions of the language in the indictment. Any deviance therefrom is solely for the purpose of ease of readability and language. An indictment is merely an allegation. All defendants are presumed innocent until proven guilty beyond a reasonable doubt in a court of law.

2

## ARGUMENT AND CITATION TO AUTHORITY

**A. The subpoena is unreasonable and oppressive because Plaintiff is seeking production of materials that are not related to the instant case and which should be entitled to protection as an open and ongoing criminal prosecution.**

Under Federal Rules of Civil Procedure 45(3)(A)(iii) and (iv), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden."

There is a federal common law privilege for law enforcement investigatory materials. *United States v. Simmons*, 515 F.Supp.3d 1359, 1365 (M.D. Ga. 2021). "The purpose of the privilege is to prevent disclosures of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *Federal Election Commission v. Riveria*, 335 F.R.D. 541, 547 (S.D. Fla. 2020).

"In determining whether the law enforcement privilege protects against disclosure, courts weigh the following ten factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4)

3

whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any actual criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case." *Kahn v. United States*, 2015 WL 3644628 *2 (S.D. Fla. 2015), citing *In re United States Dep't of Homeland Security*, 459 F.3d 565, 571 (5th Cir. 2006).

There are two additional federal privileges for documents and materials in a prosecutor's case file, one enshrined in Federal Rules of Civil Procedure 26(b)(3), and the other under the deliberative process privilege. "To prosecute a case effectively, a district attorney must work with a certain degree of privacy. That is why the work product privilege applies in criminal litigation as well as civil litigation: The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case. If a district attorney's notes and testimony regarding his charging decisions and his trial strategy could be subpoenaed at will in subsequent civil litigation—particularly in a

malicious prosecution suit brought by a former defendant—the government's ability to prepare its case might be seriously impaired. In this scenario, even if Rule 26(b)(3) does not consider the material privileged, the court may still decide to protect it." *Starkey v. Birritteri*, 2013 WL 3984599 *1 (D. Mass. 2013) (citations and quotation marks removed), see *United States v. Nobles*, 422 U.S. 225, 237 95 S.Ct. 2160, 45 L.E.2d 141 (1975).

"[The] deliberative process privilege is to allow agencies to freely explore possibility, engage in internal debates, or play devil's advocate without fear of public scrutiny. allow agencies to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny. This privilege serves to prevent the premature disclosure of proposed policies before they have been finally formulated or adopted and protects against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action. This includes documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated. Even factual material contained in a 'deliberative' document may be withheld pursuant to the privilege where the disclosure of the factual material would reveal the deliberative process or where the factual material is so inextricably intertwined with the deliberative material that meaningful segregation is not

possible." *Foundation for Government Accountability v. U.S. Department of Justice*, 688 F.Supp.3d 1151, 1161 (M.D. Fla. 2023) (citations, quotations, and punctuation omitted).

"For the deliberative process privilege to apply, two requirements must be met. First, the material must be pre-decisional, i.e., 'prepared in order to assist an agency decision maker in arriving at his decision.' Second, it must be deliberative, 'a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters. The key question in [these] cases is whether the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions. A 'predecisional' document is one prepared in order to assist an agency decision-maker in arriving at his decision and may include recommendations, draft documents, proposals suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. But the privilege does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment. A document is 'deliberative' if the disclosure of the materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and, thereby, undermine the agency's ability to perform its functions. Therefore,

courts must focus on the effect of the material's release and conclude that predecisional materials are privileged to the extent that they reveal the mental processes of decisionmakers." *Id.* (citations, quotations, and punctuation omitted).

Georgia law protects law enforcement investigations from production when the investigations and potential criminal prosecutions are open and ongoing. This Court stated that Georgia law "appears to recognize a general governmental privilege or protection against the disclosure of open investigatory files . . . [the Georgia Supreme Court's] reasoning reflects a broader stance against the disclosure of open investigatory files, whether in response to an open records request or a subpoena." *Sheffield v. State Farm Fire and Cas. Co.*, 2014 WL 6617255 *3 (S.D. Ga. 2014).

Movant is aware that this Court is not bound to follow state law but generally this Circuit uses a balancing test to determine whether the need for the information trumps the state's interest in protecting the confidentiality of its classified information. See e.g. *United States v. Wilson,* 960 F.2d 48, 50 (7th Cir. 1991). Here, the State of Georgia has a strong public interest in preventing an open prosecution from being publicly disclosed. Disclosing a prosecution prior to its conclusion potentially threatens the integrity of the prosecution and potentially exposes identity of witnesses and evidentiary leads before they have been thoroughly investigated and vetted. Plaintiff, his attorney, and the file are subject to subpoena by Derrious Williams in the trial of the child molestation case.

A sex offense is not the same kind of investigation and prosecution as a murder or financial crime or burglary; there are sensitive and difficult details that, if handled improperly, can be used by a criminal defendant to cast unreasonable doubt on a law enforcement investigation and/or prosecution. That is why the sharing and delivery of material prepared for a prosecution prior to the conclusion of the case is highly restricted under Georgia law. See, e.g., O.C.G.A. §§ 50-18-72(a)(3), (4). In all, the delivery of documents to the Plaintiff in this case will negatively affect the integrity of the prosecution.

Moreover, as discussed above, Plaintiff fails to show that he seeks the materials as potential evidence at his trial or how every piece of evidence in a child molestation investigation and prosecution could lead to any more relevant evidence in his case. The subpoena seeks everything – **everything** – that is related to these two men. That four qualified privileges apply to a prosecutor's pending case file underscores the subpoena's unreasonableness. The overbreadth, lack of specificity, and unreasonable burden on a county prosecutor's office to respond demonstrates how this subpoena is a fishing expedition. Therefore, in balancing the State of Georgia's interest in keeping the requested information confidential and protected from disclosure and the Plaintiff's subpoena for privileged material, it would be proper to quash the subpoena.

## CONCLUSION

For all the above and foregoing reasons, Movants object to and pray that this Court quash the subpoenas at issue.

Respectfully submitted this 6th day of November, 2025.

                                JARED WILLIAMS
                                District Attorney

            By:    s/Samuel Meller_____
                    SAMUEL MELLER 897026
                    Deputy Chief ADA

SAMUEL E. MELLER
Deputy Chief Assistant District Attorney
735 James Brown Boulevard
Suite 2400
Augusta, Georgia 30901
Telephone: (706) 821-1135
Email:  smeller@augustaga.gov

9

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing **MOTION TO QUASH** via I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to:

Davis Dunaway
ddunaway@hullbarrett.com
shigh@hullbarrett.com

Robert T. Homlar
robert@homlarlaw.com
jennifer@homlarlaw.com

Respectfully submitted this 7th day of November, 2025.

By:   s/Samuel Meller_____
       SAMUEL MELLER 897026

Augusta District Attorney's Office
735 James Brown Boulevard
Augusta, Georgia 30901
Telephone: (706) 821-1135
Email:  smeller@augustaga.gov